IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VANGUARD MACHINERY | § | |
| INTERNATIONAL, L.L.C., | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. H-07-3490 |
| v. | § | |
| | § | |
| SMITH PUBLISHING, INC., | § | |
| | § | |
| Defendant. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the court is Plaintiff, Vanguard Machinery International's ("Vanguard"), Motion to Remand (Docket Entry No. 4). For the reasons stated below, Vanguard's Motion to Remand will be granted.

## I.   <u>Factual and Procedural Background</u>

On September 10, 2007, Vanguard filed a petition in County Court at Law Number 3, Harris County, Texas, against Smith Publishing, a New York corporation. The petition alleges that Vanguard entered a contract to rent floor space at Smith Publishing's Expo; that after Vanguard entered the contract and paid Smith Publishing $21,600 for the floor space, Vanguard learned that Smith Publishing would require additional fees that made Vanguard's attendance at the Expo uneconomical; and that Smith Publishing refused to refund the $21,600 after receiving notice

that Vanguard would not be attending the Expo due to the previously undisclosed fees. The petition asserted that Smith Publishing violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), and raised alternative claims of negligent misrepresentation, breach of contract, fraud, and unjust enrichment, but made no specific monetary demand.[1]

On October 22, 2007, Smith Publishing removed the case to this court asserting diversity jurisdiction as the basis for removal.[2] In response, Vanguard filed its Motion to Remand arguing that the court has no jurisdiction because the amount in controversy does not exceed the jurisdictional amount of $75,000.[3]

## II.  Analysis

A defendant may remove an action from state to federal court if the federal court has subject matter jurisdiction over the action. 28 U.S.C. § 1441(a). The removing party bears the burden of proving that the court has jurisdiction. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). To determine whether removal jurisdiction exists, the court looks to Vanguard's state-court petition as it existed at the time of removal. Manguno v. Prudential Prop. and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.

---

[1]Notice of Removal, Docket Entry No. 1, Exhibit A, Plaintiff's Original Petition, pp. 1-5.

[2]Notice of Removal, Docket Entry No. 1, ¶ 10.

[3]Plaintiff's Motion to Remand, Docket Entry No. 4, ¶¶ 1, 6.

-2-

2002).   All "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction." <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 339 (5th Cir. 2000).

Smith Publishing argues that this court has subject matter jurisdiction because the parties are citizens of different states and the amount in controversy exceeds $75,000.   <u>See</u> 28 U.S.C. § 1332(a).   Vanguard does not dispute that complete diversity of the parties exists.   Vanguard opposes removal because the amount in controversy does not exceed $75,000.

To determine whether the amount in controversy exceeds the jurisdictional amount a court generally looks to the amount stated in the state court petition.   <u>De Aquilar</u>, 47 F.3d at 1408. However, as required by Texas law,[4] Vanguard's petition alleged only that Vanguard's damages are within the state court's jurisdictional limits, and thus does not make a specific monetary demand.   Accordingly, "where . . . the petition does not include a specific monetary demand, [the defendant] must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." <u>Manguno</u>, 276 F.3d at 723.   Smith Publishing can meet its burden by showing that "it is apparent from the face of the petition that the claims are likely to exceed $75,000[.]"   <u>Id.</u>

---

[4]<u>See</u> Tex. R. Civ. P. 47(b) ("An original pleading which sets forth a claim for relief . . . shall contain . . . in all claims for unliquidated damages only the statement that the damages sought are within the jurisdictional limits of the court[.]").

If it is not facially apparent from the petition that the claims are likely to exceed $75,000, Smith Publishing "must do more than point to a state law that <u>might</u> allow the plaintiff to recover more than what is pled," <u>De Aquilar</u>, 47 F.3d at 1412; it "must set forth 'summary judgement type evidence' of facts in controversy that support a finding of the requisite amount." <u>Manguno</u>, 276 F.3d at 723.

Smith Publishing first argues that it is facially apparent from Vanguard's petition that the amount in controversy exceeds $75,000. In <u>De Aquilar v. Boeing Co.</u>, 11 F.3d 55 (5th Cir. 1993), the Fifth Circuit held that it was facially apparent that claims for wrongful death, loss of companionship, and funeral expenses raised by the personal estates of deceased plane-crash victims were likely to exceed the jurisdictional amount. <u>Id.</u> at 57. However, the Fifth Circuit held that such an inference was not warranted in <u>Asociacion Nacional de Pescadores a Pequena Escala o Artensanales de Colombia (ANPAC) v. Dow Quimica de Colombia</u>, 988 F.2d 559, 565 (5th Cir. 1993), <u>abrogated on other grounds by</u> <u>Marathon Oil Co. v. Ruhrgas</u>, 145 F.3d 211 (5th Cir. 1998). In <u>ANPAC</u> small-scale fishermen from Colombia filed suit in a Texas state court for loss of income and personal injuries sustained from a pesticide spill. <u>Id.</u> at 562. The court held that the plaintiffs' petition did not indicate on its face that the amount in controversy would likely exceed the jurisdictional amount since the amount of income lost by

-4-

the fishermen was likely too minimal and their alleged personal injuries (skin rashes) were too mild to warrant such an inference. Id. at 565-66.  Accordingly, whether it is facially apparent that a plaintiff's claims will likely exceed the jurisdictional amount largely depends on whether the facts alleged in the petition warrant such an inference.

Vanguard's petition does not allege or allude to facts that would, on their face, give rise to a claim likely to exceed $75,000, as did the facts in De Aguilar.  The facts alleged in the petition focus mainly, if not exclusively, on the $21,600 that Vanguard paid Smith Publishing for booth space at the Expo but which Smith Publishing later refused to refund.[5]

Smith Publishing contends that Vanguard's claim for exemplary damages under the DTPA, see Tex. Bus. & Com. Code § 17.50(b)(1), and for attorney's fees makes it facially apparent that the amount in controversy is likely to exceed $75,000.  The problem with this argument is that it presupposes that the face of the petition discloses an amount of damages that, if tripled, would likely exceed $75,000; or an amount of attorney's fees that if added to some undisclosed total would exalt the amount in controversy above $75,000.  However, neither figure is apparent from the face of Vanguard's petition.  Thus, looking only to the face of Vanguard's

---

[5]Notice of Removal, Docket Entry No. 1, Exhibit A, Plaintiff's Original Petition, pp. 2-3.

petition and the facts there alleged, the court cannot conclude that Vanguard's claims will likely exceed $75,000.[6]

This conclusion does not, however, end the inquiry since the court may also look to "summary judgment type evidence" to determine whether the amount in controversy exceeds $75,000. Manguno, 276 F.3d at 723.  In its Motion to Remand Vanguard asserts that it is seeking only to recover its advance rental payment of $21,600.  But the court cannot consider that amount as the limit of Vanguard's claim since Vanguard did not submit a binding stipulation limiting its damages to $21,600.  See De Aguilar, 47 F.3d at 1412.  Moreover, Vanguard's claim for treble damages under the DTPA belies any such contention.  The court will nevertheless accept Vanguard's claim for its advance rental payment of $21,600 as the starting figure since Smith Publishing has not provided any other relevant number.[7]

---

[6]The court notes that Vanguard has raised a claim for fraud, and that under Texas law a successful fraud claimant can recover exemplary damages well in excess of $75,000.  See Tex. Civ. Prac. & Rem. §§ 41.003, 41.008.  However, before this claim can be used as a basis for determining the amount in controversy, it must be found that the petition alleges sufficient facts that, if proven, would give rise to a fraud claim.  See Manguno, 276 F.3d at 724.  Here Vanguard has not alleged specific facts in the petition that would indicate that Smith Publishing committed fraud.  The facts alleged in the petition indicate that Smith Publishing at most failed to disclose information.  However, under Texas law, the failure to disclose information, without more, does not constitute fraud. Bradford v. Vento, 48 S.W.3d 749, 755 (Tex. 2001).  Thus, the court will not consider Vanguard's fraud claim for purposes of determining the amount in controversy.

[7]Smith Publishing did contend that based on Vanguard's Motion to Remand, Vanguard admits to seeking $36,500.  However, Smith
(continued...)

With this amount in mind, the court will address Smith Publishing's argument that Vanguard's claim under the DTPA exceeds the amount in controversy. Smith Publishing correctly states that the DTPA provides for treble damages, Tex. Bus. & Com. Code § 17.50(b)(1), and that the court may consider such an award in determining the amount in controversy. See, e.g., Dow Agrosciences LLC v. Bates, 332 F.3d 323, 326 & n.3 (5th Cir. 2003), vacated on unrelated grounds by Bates v. Dow Agrosciences LLC, 125 S. Ct. 1788 (2005). However, even if the court assumes treble damages, Vanguard's claim of $21,600 would still fall $11,200 short of the jurisdictional amount. This shortfall could possibly be overcome by evidence of the amount of attorney's fees that Vanguard would recover if successful. See Tex. Bus. & Com. Code § 17.50(d) (awarding a prevailing consumer "reasonable and necessary attorney's fees"). However, Smith Publishing has not submitted any evidence that would indicate what Vanguard's attorney's fees might be. Cf. Manguno, 276 F.3d at 724 (relying on an affidavit from the

---

[7](...continued)
Publishing misconstrues Vanguard's statement. In its Motion to Remand, Vanguard stated that the amount in controversy was at most $36,500, a figure comprised of $21,600 for Vanguard's advance rental payment, and $14,900 for a counterclaim that Vanguard argues Smith Publishing could have, but did not, raise. See Motion to Remand, Docket Entry No. 4, ¶¶ 4-6. That hypothetical counterclaim cannot be considered, however, since all jurisdictional facts are determined at the time of removal and from the plaintiff's petition.

-7-

defendant to find that an award of attorney's fees for the plaintiff would likely exceed the amount in controversy).[8]

Smith Publishing next contends that the claims it has raised against Vanguard in a separate suit in a federal court in New York should be counted toward the amount in controversy because such claims could have been, but were not, raised as counterclaims in this action.  Counterclaims raised by a defendant can generally be aggregated with a plaintiff's claims to obtain the jurisdictional amount.  See Liberty Mut. Ins. Co. v. Horton, 275 F.2d 148, 152 (5th Cir. 1960) ("[I]t is the long established rule that where . . . the jurisdictional amount is in question, and a counterclaim is brought in an amount which, in itself or added to the amount claimed in the complaint, adds up to an amount in excess of the minimum jurisdictional amount, jurisdiction is established whatever may be the conclusion viewed from the plaintiff's complaint alone.").  However, Smith Publishing argues that when determining the amount in controversy, a federal court in one state may consider claims raised in a federal court in another state as de facto counterclaims.  Smith has not cited and this court has not found any authority supporting this argument, and this court declines the opportunity to establish such authority.[9]  Because the

---

[8]Nor has Smith Publishing submitted evidence suggesting that Vanguard would recover more than $75,000 on its claims of negligent misrepresentation, breach of contract, or fraud.

[9]The court assumes, arguendo, that the rule in Horton is applicable to removal actions.  The court doubts, however, that the
(continued...)

court concludes that Smith Publishing has failed to sustain its burden, the court will grant Vanguard's Motion to Remand.

### III.   Conclusion and Order

Based on the foregoing, Plaintiff's Motion to Remand (Docket Entry No. 4) is **GRANTED**, and this action is **REMANDED** to the Harris County Court at Law No. 3.

The Clerk of this court will promptly provide a copy of this Order to the Clerk of Harris County.

**SIGNED** at Houston, Texas, on this 13th day of February, 2008.

_____
                                       SIM LAKE
                    UNITED STATES DISTRICT JUDGE

----

[9](...continued)
rule in <u>Horton</u> applies to removal actions as opposed to an action a plaintiff has filed in federal court directly, as was the case in <u>Horton</u>.   <u>See</u> <u>Conference Am., Inc. v. Q.E.D. Int'l, Inc.</u>, 50 F. Supp.2d 1239, 1241-43 (M.D. Ala. 1999).